**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**APOLONIA SCOTT,** *as Personal Representative*
*of the ESTATE OF KELSEY SCOTT, Deceased*                **PLAINTIFF**

**v.**                        **CIVIL ACTION NO.: 4:22-cv-63-DMB-JMV**

**TENNESSEE STEEL HAULERS, INC., ET AL.**             **DEFENDANTS**

**ORDER STAYING CERTAIN PROCEEDINGS**

This matter is before the court on Defendants' Motion to Stay *Proceedings* [44]. As explained below, the court **grants the motion in part and denies in part**.

**I. Background**

On March 11, 2022, Kelsey Scott was traveling eastbound on Highway 82 West in Leflore County, Mississippi, when her automobile was allegedly struck from behind by Defendant Derrick Howard. Scott was killed as a result of this accident. Howard was an employee/driver for the co-defendant Tennessee Steel Haulers, LLC at the time of the accident. The case was originally filed in Mississippi State Court in the Circuit Court of Leflore County on March 22, 2022. Defendants then removed this cause to federal court on the basis of diversity jurisdiction on April 26, 2022.

Defendants filed the aforementioned motion to stay on October 20, 2022. Specifically, the defendants request that the court stay the case until a determination of decedent's wrongful death beneficiaries can be made by the appropriate Mississippi chancery court. By way of response, Plaintiff notes that such a hearing is scheduled for November 30, 2022, in the Sunflower County Courthouse.

Defendants seek a stay in this cause because the chancery court's determination of wrongful death beneficiaries could substantially impact how much discovery is necessary. In essence, Defendants seek to avoid unnecessarily performing discovery on four of the five potential wrongful death beneficiaries of decedent.[1] Plaintiff opposes Defendants' motion on the basis that Plaintiff has an interest in maintaining the scheduled trial date of June 12, 2023, and in Plaintiff's estimation the additional discovery related to the five potential wrongful death beneficiaries would not be onerous for Defendants.

## II.     Applicable Law

A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). Additionally, "[t]he power to stay an action is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance." *Hood v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

## III.    Analysis

Here, discretion dictates that a blanket stay of the case is not required. On the other hand, because several depositions could be avoided if the Chancellor determines, on or about November 30, 2022, that there is only a sole beneficiary – rather than five wrongful death beneficiaries – a short stay of the deposition of any person who is potentially not a wrongful death beneficiary is appropriate.[2]

---

[1] The parties both agree that the decedent's minor son is a wrongful death beneficiary. The Chancellor will determine whether the following individuals are also rightful beneficiaries of the deceased: Apolonia Scott, Harry Scott, Hailey Scott, and Paisley Boston.
[2] These individuals are Apolonia Scott, Harry Scott, Hailey Scott, and Paisley Scott.

Accordingly, **IT IS, THEREFORE, ORDERED** that a limited stay of the aforementioned depositions will be in effect through November 30, 2022. By separate notice, a telephonic status conference is being set for December 2, 2022.

**SO ORDERED**, this the 14th day of November, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**